UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>            Plaintiff,<br><br>v.<br><br>WORLDWIDE COMMODITY CORPORATION, a Florida corporation, SOUTH COAST COMMODITIES, INC., a Florida corporation, STEVEN LABELL, an individual, LARRY KAHN, an individual, JOSEPH L. ALLEN, an individual, BRUCE N. CROWN, an individual, PHIL FERRINI, an individual, STUART SCHWARTZ, an individual, and UNIVERSAL FINANCIAL HOLDING CORPORATION, a Florida corporation,<br>            Defendants. | CIVIL ACTION<br><br>NO. 2:04-cv-3641 |

## STIPULATED ORDER OF JUDGMENT AGAINST DEFENDANT UNIVERSAL FINANCIAL HOLDING CORPORATION

On October 28, 2005, Plaintiff Commodity Futures Trading Commission ("Commission") filed an amended complaint in the above-captioned action against Worldwide Commodity Corp. ("Worldwide Commodity"), South Coast Commodities, Inc., Steven Labell, Larry Kahn, Joseph L. Allen, Bruce N. Crown, Phil Ferrini, Stuart Schwartz, and Universal Financial Holding Corporation ("Universal Financial"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 4c(b), 7 U.S.C. § 6c(b) and Regulation 33.10, 17 C.F.R. § 33.10 (2004).

### I.    CONSENTS AND AGREEMENTS

To effect a settlement of the matters alleged in the Complaint in this action without a trial on the merits or further judicial proceedings, Universal Financial:

1. Consents to entry of this Consent Order of Permanent Judgment ("Consent Order");

2. Affirms that Universal Financial has agreed to this Consent Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein;

3. Acknowledges service of the summons and complaint;

4. Admits the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002);

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002);

6. Waives:

    a. all claims which it may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action and any right under EAJA to seek costs, fees and other expenses relating to, or arising from, this action;

    b. any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

    c. all rights of appeal from this Consent Order;

7. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case;

8. Agrees that neither Universal Financial nor its agents, employees or representatives acting under its control shall take any action or make any public statement denying, directly or indirectly, any allegations in the Complaint or findings in this Consent Order, or creating or tending to create the impression that the Complaint and this Consent Order are without factual basis; provided, however, that nothing in this provision shall affect Universal Financial's: i) testimonial obligations, or ii) right to take legal positions in other proceedings to which the Commission is not a party. Universal Financial will undertake all steps necessary to assure that its agents, employees and representatives understand and comply with this agreement.

9. In consenting to the entry of this Consent Order, Universal Financial neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Consent Order, except as to jurisdiction and venue. Universal Financial does not consent to the use of this Order, or the findings of fact or conclusions of law, as the sole basis for any other proceeding brought by or involving the CFTC, other than in a proceeding in bankruptcy relating to Universal Financial, or to enforce the terms of this Order. Solely with respect to any bankruptcy proceeding relating to Universal Financial or any proceeding to enforce this Order, Universal Financial agrees that the allegations of the Complaint and the findings in this Order shall be taken as true and correct and be given preclusive effect, without further proof. Furthermore, Universal Financial agrees to provide immediate notice to this Court and the CFTC by certified mail of any bankruptcy proceeding filed by, on behalf of, or against them, and of any change of address. No provision of this Order shall in any way limit or impair

the ability of any person to seek any legal or equitable remedy against Universal Financial or any other person in any other proceeding.

10. Universal Financial agrees to cooperate with Commission staff in the continuing litigation of this matter against any Defendant not a party to this Consent Order. As part of such cooperation, Universal Financial agrees, subject to all applicable privileges, to comply fully, promptly and truthfully to any inquires or requests for information or testimony, including but not limited to, testifying completely and truthfully in this action and producing statements or trial declarations to the Commission related to any trial of the subject matter of this proceeding.

11. The Court, being fully advised of the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact, conclusions of law and a permanent injunction and equitable relief, pursuant to § 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court hereby makes the following findings of fact and conclusions of law:

12. This Court has subject matter jurisdiction over this action and the allegations in the Complaint pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

13. This Court has personal jurisdiction over Universal Financial pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

14. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, because Universal Financial conducted business in the Eastern District of Pennsylvania.

15. The Commission and Universal Financial have agreed that this Court shall retain jurisdiction over each of them for the purpose of enforcing the terms of this Consent Order.

16. Defendant Universal Financial Holding Corporation, a Florida corporation, was at all times relevant to this litigation a registered futures commission merchant pursuant to Section 1a(20) of the Act, 7 U.S.C. § 1a(20).

17. Defendant Worldwide Commodity Corp. is a registered introducing broker pursuant to Section 1a(23) of the Act, 7 U.S.C. § 1a(23).

18. Universal Financial and Worldwide Commodity entered into a standard Guarantee Agreement (CFTC Form 1-FR-IB; Part B) on or about November 1, 2000. Universal Financial and Worldwide Commodity have continuously maintained this relationship at all points relevant to this litigation. The agreement provides that Universal Financial is

> jointly and severally liable for[] all obligations of the introducing broker [*i.e.*, Worldwide Commodity] under the Commodity Exchange Act, . . . and the rules, regulations and orders which have been or may be promulgated thereunder with respect to the solicitation of and transactions involving all commodity customer . . . . accounts of the introducing broker entered in or after the effective date of this agreement."

19. In its Amended Complaint, the Commission alleged that since at least January 1, 2003, Worldwide Commodity, through its associated persons ("APs"), fraudulently solicited prospective customers to open accounts to trade options on commodity futures ("commodity options") by knowingly misrepresenting and failing to disclose material facts concerning, among other things: (i) the likelihood that a customer would realize large profits from trading options; (ii) the risk involved in trading options; and (iii) Worldwide Commodity's poor trading record in light of the profit representations made. The Commission alleges that these misrepresentations and omissions violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 33.10, 17 C.F.R. § 33.10.

20.    In its amended complaint, the Commission further alleges that Worldwide Commodity is liable for the fraudulent acts of its AP pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B).

21.    In the event of entry of any order whether as a result of litigation or settlement finding that Worldwide Commodity's actions violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Commission Regulations 33.10, 17 C.F.R. § 33.10 (2004), Universal Financial is jointly and severally liable pursuant to its guarantee agreement with Worldwide Commodity.

**IT IS HEREBY ORDERED that:**

22.    Universal Financial shall be jointly and severally liable to pay any judgment for restitution or disgorgement or both issued against Worldwide Commodity, plus post-judgment interest on all amounts to accrue beginning on the date of entry of that order and payable at the interest rate set forth in 28 U.S.C. § 1961.

23.    In the event of such an award of disgorgement or restitution, the Court shall establish a mechanism by which the Commission shall establish payment to customers of Worldwide Commodity.

### III.    MISCELLANEOUS PROVISIONS

24.    Notices:    All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:
Notice to Commission: Attention - Director of Enforcement, Commodity Futures Trading Commission, Division of Enforcement, 1155 21st Street N.W., Washington, DC 20581; Notice to the National Futures Association: Daniel Driscoll, National Futures Association, 200 W. Madison St., #1600, Chicago, IL 60606-3447

25. <u>Entire Agreement and Amendments</u>: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

26. <u>Invalidation</u>: If any provision of this Consent Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

27. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

28. <u>Acknowledgements</u>: Upon being served with copies of this Consent Order after entry by the Court, the Defendants shall sign acknowledgments of such service and serve such acknowledgments on the Court and the Commission within seven (7) calendar days.

29. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this cause to assure compliance with this Consent Order and for all other purposes related to this action.

Case 2:04-cv-03641-AB   Document 138   Filed 09/22/06   Page 8 of 9
Case 2:04-cv-03641-AB   Document 134   Filed 07/11/2006   Page 8 of 9
APR 10 2006 23:03 FR DOE WASH/CFTC          202 418 5523 TO 913059820070         P.09

31. <u>Authority</u>: Andrew Stern hereby warrants that he is the president of Universal Financial, and that this Consent Order has been duly authorized by Universal Financial and he has been duly empowered to sign and submit it on behalf of Universal Financial.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order.

SO ORDERED, at Philadelphia, Pennsylvania on this ___19th___ day of __September__, 2006.

_____
HONORABLE ANITA BRODY
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:

_____   Date: 5-18-06

Andrew Stern on
behalf of Universal Financial Holding Corp.

/s/ Kenneth McCracken

Kenneth McCracken
Jeff LeRiche
Jo Mettenburg
Division of Enforcement
Two Emanuel Cleaver II Boulevard, Suite 300
Kansas City, MO 64112
(816) 960-7742 (McCracken)
kmccracken@cftc.gov
(816) 960-7745 (LeRiche)
jleriche@cftc.gov
(816) 960-7744 (Mettenburg)
jmettenburg@cftc.gov
(816) 960-7750 (fax)

Attorneys for Plaintiff

9